UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 16-11470 |
| | ) |
| NSTAR ELECTRIC COMPANY d/b/a EVERSOURCE ENERGY, HARBOR ELECTRIC ENERGY COMPANY, and MASSACHUSETTS WATER RESOURCES AUTHORITY, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

The United States of America, at the request of the District Engineer for the New England District of the U.S. Army Corps of Engineers, alleges and complains as follows:

## NATURE OF ACTION

1. This is a civil action seeking injunctive relief and civil penalties for violations of Section 10 of the Rivers and Harbors Act of 1899 ("RHA"), 33 U.S.C. § 403, and Section 404(s) of the Clean Water Act ("CWA"), 33 U.S.C. § 1344(s).

## PARTIES

2. Defendant NSTAR Electric Company d/b/a Eversource Energy ("NSTAR") is a corporation organized under Massachusetts law with a principal place of business in Boston, Massachusetts. Before its formal corporate name change in 2007, NSTAR was known as Boston Edison Company, also a Massachusetts corporation with a principal place of business in Boston, Massachusetts. NSTAR has succeeded to all of the rights and obligations of Boston Edison Company under the permit at issue in this case.

3. Defendant Harbor Electric Energy Company ("HEEC") is a Massachusetts corporation with a principal place of business in Boston, Massachusetts. HEEC is a wholly owned subsidiary of NSTAR.

4. Defendant Massachusetts Water Resources Authority ("MWRA") is an independent Massachusetts governmental authority created under the laws of Massachusetts with a principal place of business in Boston, Massachusetts.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and 33 U.S.C. §§ 406 and 1344(s).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1395, and 33 U.S.C. §§ 406 and 1344(s).

7. Notice of the commencement of this action has been provided to the Commonwealth of Massachusetts pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## FACTUAL ALLEGATIONS

8. Boston Harbor in Boston, Massachusetts, including but not limited to the Reserved Channel and the Main Ship Channel, is subject to the ebb and flow of the tide, is navigable in fact, and is a navigable water of the United States within the meaning of Section 10 of the RHA, 33 U.S.C. § 403, and Sections 404 and 502(7) of the CWA, 33 U.S.C. §§ 1344 and 1362(7).

9. In 1989, the U.S. Army Corps of Engineers issued permit number MA-BOSS-890530-R-89 (the "Permit") to Boston Edison Company and the MWRA for the installation and operation of a submarine 115kV electric cable beneath Boston Harbor, stretching from Boston Edison Company's K Street substation in South Boston to Deer Island, for the purpose of

powering the construction and operation of the Deer Island Waste Water Treatment Plant. The Permit was issued under Section 10 of the RHA, 33 U.S.C. § 403, and Section 404 of the CWA, 33 U.S.C. § 1344.

10. In January 1990, Boston Edison Company notified the U.S. Army Corps of Engineers that it had created HEEC as a wholly owned subsidiary whose purpose was to build, own, and operate the electric cable. In February 1990, the Permit was amended to add HEEC as a permittee.

11. The Permit, which contains no expiration date, has been in effect since the date it was issued and remains in effect today.

12. The Permit required that the cable be installed at least 25 feet below the bottom of two federal channels, the Reserved Channel and the Main Ship Channel.

13. In or about 1989-1990, an electric transmission cable was installed beneath Boston Harbor, crossing the Reserved Channel and the Main Ship Channel.

14. Within some or all of the Reserved Channel, the cable was installed at shallower depths than 25 feet below the bottom, in violation of the Permit.

15. Within some or all of the Reserved Channel, the cable is currently located at shallower depths than 25 feet below the bottom, in violation of the Permit.

16. Within some or all of the Main Ship Channel, the cable was installed at shallower depths than 25 feet below the bottom, in violation of the Permit.

17. Within some or all of the Main Ship Channel, the cable is currently located at shallower depths than 25 feet below the bottom, in violation of the Permit.

18. The Defendants have used and continue to use the cable since 1990.

19. The Defendants, as permittees, are responsible for complying with the Permit.

20. The Defendants, as permittees, are liable for violating the Permit.

## COUNT I

21. The allegations in the preceding paragraphs are incorporated herein by reference.

22. Section 10 of the RHA, 33 U.S.C. § 403, prohibits, among other things: the creation of any obstruction to the navigable capacity of a water of the United States; the placement of structures in a navigable water of the United States; the filling of a navigable water of the United States; and the alteration or modification of the course, location, condition, or capacity of a navigable water of a United States, unless authorized by the U.S. Army Corps of Engineers.

23. The placement of an electric cable in Boston Harbor at depths contrary to the terms of the Permit violates Section 10 of the RHA, 33 U.S.C. § 403. "Strict compliance" with the permit is required. United States v. King Fisher Marine Serv., 640 F.2d 522, 523 (5th Cir. 1981) (per curiam). The Defendants will continue to violate 33 U.S.C. § 403 unless enjoined by this Court.

24. Section 12 of the RHA, 33 U.S.C. § 406, authorizes injunctive relief for violations of Section 10 of the RHA, 33 U.S.C. § 403. Defendants' violations of Section 10 render Defendants subject to injunctive restraint pursuant to Section 12 of the RHA.

## COUNT II

25. The allegations in the preceding paragraphs are incorporated herein by reference.

26. Section 404(s)(4) of the CWA, 33 U.S.C. § 1344(s)(4), provides that any person who violates any condition or limitation in a permit issued under Section 404 of the CWA shall be subject to a civil penalty for each violation. In addition, Section 404(s)(3) of the CWA, 33

U.S.C. § 1344(s)(3), authorizes a reviewing court to enjoin such violations and require compliance with the permit.

27.  The Defendants' violations of Section 404 of the CWA render them liable for civil penalties and subject them to injunctive restraint pursuant to Section 404(s) of the CWA, 33 U.S.C. § 1344(s). The Defendants will continue to violate 33 U.S.C. § 1344 unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully prays that the Court:

A.  Issue a permanent injunction ordering the Defendants to comply with all of the terms of the Permit, including but not limited to the depth requirements;

B.  Issue a permanent injunction ordering the Defendants to remove the electric cable;

C.  Order the Defendants to pay appropriate civil penalties;

D.  Issue a permanent injunction prohibiting the Defendants from any further unauthorized work in the navigable waters of the United States; and

E.  Award the United States its costs and grant such further relief as may be deemed proper.

        Respectfully submitted,

        THE UNITED STATES OF AMERICA

        By its attorney,

        CARMEN M. ORTIZ
        United States Attorney

By:  */s/ Christine J. Wichers*
     Christine J. Wichers (BBO#631857)
     Assistant U.S. Attorney
     One Courthouse Way, Suite 9200
     Boston, MA 02210
     (617) 748-3278
     Christine.wichers@usdoj.gov

Dated: July 15, 2016