**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>NSTAR ELECTRIC COMPANY d/b/a EVERSOURCE ENERGY, HARBOR ELECTRIC ENERGY COMPANY, and MASSACHUSETTS WATER RESOURCES AUTHORITY,<br><br>    Defendants.<br><br>MASSACHUSETTS PORT AUTHORITY,<br><br>    Plaintiff in Intervention.<br><br>    v.<br><br>NSTAR ELECTRIC COMPANY d/b/a EVERSOURCE ENERGY, HARBOR ELECTRIC ENERGY COMPANY, and MASSACHUSETTS WATER RESOURCES AUTHORITY,<br><br>    Defendants. | Case Number: 1:16-CV-11470-RGS |

**MASSACHUSETTS PORT AUTHORITY'S**
**COMPLAINT IN INTERVENTION**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the Massachusetts Port Authority ("Massport"), by leave of court first had and obtained, files this Complaint in Intervention against the above-named defendants and alleges as follows:

4810-9309-6247

**BACKGROUND AND FACTUAL ALLEGATIONS**

1. On July 15, 2016, the United States of America, at the request of the District Engineer for the New England District of the U.S. Army Corps of Engineers ("Army Corps"), brought a complaint against NSTAR Electric Company d/b/a Eversource Energy ("Eversource"), Harbor Electric Energy Company ("HEEC") and the Massachusetts Water Resources Authority ("MWRA") seeking injunctive relief and civil penalties for violations of Section 10 of the Rivers and Harbors Act of 1899 ("RHA"), 33 U.S.C. § 403, and Section 404(s) of the Clean Water Act ("CWA"), 33 U.S.C. § 1344(s) (the "Army Corps Complaint").

2. The Army Corps Complaint alleges that the Defendants are not complying with the terms of a Permit authorizing the installation and operation of a submarine 115kV electric cable beneath Boston Harbor (the "Permit", as defined in the Army Corps Complaint) because the cable is located at shallower depths than required by the Permit.

3. Massport, organized pursuant to Chapter 465 of the Massachusetts Acts of 1956, as amended to date, is a body politic and corporate and a public instrumentality of The Commonwealth of Massachusetts.

4. Certain improvements are required to Massport's Conley Terminal facility including the dredging of two berths at Conley Terminal at depths of -50 feet (the "Berth Projects").

5. The shallower-than-permitted location of the cable will adversely impact the Berth Projects. On information and belief, the cable is also located within Conley Terminal Berths 11 and 12 that are situated in the Reserved Channel and owned by Massport.

-3-

## CLAIM FOR RELIEF

6. Massport repeats and realleges Paragraphs 1 through 5 above as if fully set forth herein

7. As stated in the Army Corps Complaint, Section 10 of the RHA, 33 U.S.C. § 403, prohibits, among other things: the creation of any obstruction to the navigable capacity of a water of the United States; the placement of structures in a navigable water of the United States; the filling of a navigable water of the United States; and the alteration or modification of the course, location, condition, or capacity of a navigable water of a United States, unless authorized by the U.S. Army Corps of Engineers.

8. As stated in the Army Corps Complaint, the placement of an electric cable in the Reserved Channel at depths contrary to the terms of the Permit violates Section 10 of the RHA, 33 U.S.C. § 403. "Strict compliance" with the permit is required. <u>United States v. King Fisher Marine Serv.</u>, 640 F.2d 522, 523 (5th Cir. 1981) (per curiam).

9. Section 12 of the RHA, 33 U.S.C. § 406, authorizes injunctive relief for violations of Section 10 of the RHA, 33 U.S.C. § 403. As stated in the Army Corps Complaint, Defendants' violations of Section 10 render Defendants subject to injunctive restraint pursuant to Section 12 of the RHA.

10. The unauthorized location of the cable cannot impinge upon Massport's ability to complete the Berth Projects on schedule and within the allocated budget.

## REQUEST FOR RELIEF

WHEREFORE, Massport respectfully requests that the Court:

A.     As requested by the Army Corps of Engineers, issue a permanent injunction ordering the Defendants to comply with all of the terms of the Permit, including but not limited to the depth requirements, so that Massport's Berth Projects can proceed on schedule; and

B.     Grant such further relief as may be deemed proper.

                                      Respectfully submitted,

**MASSACHUSETTS PORT AUTHORITY**

Applicant for Intervention

By its attorneys,

*/s/ Brian Kelly*
Brian Kelly (BBO# 549566)
bkelly@nixonpeabody.com
Donald D. Cooper (BBO# 098330)
dcooper@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts
P: (617) 345-1000
F: (617) 345-1300

Dated: August 19, 2016

-5-

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that copies will be sent via electronic mail to those indicated as non-registered participants on August 19, 2016.

                                      */s/ Brian Kelly*
                                      Brian Kelly

4810-9309-6247