UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>-and-<br><br>MASSACHUSETTS PORT AUTHORITY,<br><br>        Plaintiff in Intervention,<br><br>v.<br><br>NSTAR ELECTRIC COMPANY d/b/a EVERSOURCE ENERGY, HARBOR ELECTRIC ENERGY COMPANY, and MASSACHUSETTS WATER RESOURCES AUTHORITY,<br><br>        Defendants. | C.A. No. 1:16-cv-11470-RGS<br><br>**Eversource Defendants' Joint Motion to Bifurcate and Extend Discovery Deadlines for MWRA's Crossclaims** |

**DEFENDANTS NSTAR ELECTRIC COMPANY d/b/a EVERSOURCE ENERGY
AND HARBOR ELECTRIC ENERGY COMPANY'S
JOINT MOTION TO BIFURCATE AND EXTEND
<u>SCHEDULING ORDER DEADLINES FOR THE MWRA'S CROSSCLAIMS</u>**

Pursuant to Rules 16(b)(4) and 42(b) of the Federal Rules of Civil Procedure, Defendants NSTAR Electric Company d/b/a Eversource Energy ("NSTAR") and Harbor Electric Energy Company ("HEEC") (collectively, the "Eversource Defendants") hereby move this Honorable Court to bifurcate, and extend the scheduling order deadlines for, the crossclaims asserted against the Eversource Defendants by the Massachusetts Water Resources Authority ("MWRA").

The Court should exercise its discretion to bifurcate the MWRA's crossclaims from Plaintiffs' claims against Defendants and extend the scheduling order deadline as to those crossclaims because: (1) the MWRA's crossclaims arise from almost an entirely separate set of facts than Plaintiffs' claims, such that discovery for regarding the crossclaims will entail vastly different requests and depositions which cannot proceed as expediently as required for the discovery relating to Plaintiffs' allegedly time-sensitive claims; (2) the MWRA's crossclaims may be rendered moot in the event that Defendants are not held liable for Plaintiff's claims and, therefore, trying the MWRA's crossclaims separately from, and only following the resolution of, Plaintiff's claims promotes efficiency and judicial economy; and, (3) a trial as to both the Plaintiffs' claims and the MWRA's crossclaims – which arise from different facts and seek different types of relief – will tend to confuse the jury.

In further support of this Motion, the Eversource Defendants file herewith a Memorandum of Law, which is incorporated herein by reference.

WHEREFORE, the Eversource Defendants respectfully request that this Court grant their motion to bifurcate, and extend the scheduling order deadlines for, the crossclaims asserted against them by the MWRA.

Respectfully submitted,

NSTAR ELECTRIC COMPANY d/b/a
EVERSOURCE ENERGY and HARBOR
ELECTRIC ENERGY COMPANY

By their attorneys,

/s/ Michael R. Perry
Michael R. Perry (BBO No. 555300)
Jennifer A. Sunderland (BBO No. 673278)
Shauna R. Twohig (BBO No. 685590)
MANION GAYNOR & MANNING LLP
125 High Street, 6th Floor
Boston, MA 02110
(617) 670-8800
mperry@mgmlaw.com
jsunderland@mgmlaw.com
stwohig@mgmlaw.com

Dated:    November 23, 2016

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

The Eversource Defendants, by their undersigned counsel, certify that they complied with Local Rule 7.1 prior to filing this motion.

/s/ Michael R. Perry
Michael R. Perry

### CERTIFICATE OF SERVICE

I certify that, on November 23, 2016, this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

/s/ Michael R. Perry
Michael R. Perry

#1669372v1